IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE A. DONNER and | ) | |
| CHRISTINE L. DONNER | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10-0908-CV-W-HFS |
| | ) | |
| ALCOA INC., et al., | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

Before the court is plaintiffs' motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2), or alternatively, for a stay of the proceedings (doc. 40). Also, before the court is defendant's motion for summary judgment (doc. 42), and plaintiffs' motion for an extension of time to file a response to the summary judgment motion (doc. 47).

The nature of this action is strict liability based on design defect and failure to warn, and negligent design based on failure to warn. Plaintiffs, George and Christy Donner, initially commenced this action in the Circuit Court of Jackson County, Independence, Missouri, against defendant, Alcoa Inc., and John Doe defendants 1-20 and alleged various claims stemming from George Donner's exposure to aluminum particles resulting in severe lung damage while employed by Western Forms, Inc. Plaintiffs asserted liability as to Alcoa as the supplier of the offending raw materials. On September 16, 2010, Alcoa removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there was then complete diversity between the

parties and the amount in controversy exceeded $75,000.[1]

In support of their initial motion for voluntary dismissal, or, alternatively, for a stay, plaintiffs relied on the opinion in *KCP&L Greater Missouri Operations Co. v. Cook*, 2011 WL 4031146 (Mo.App. Sept. 13, 2011). In that case, the plaintiff alleged that he contacted mesothelioma from exposure to asbestos contacted while working for KCP&L. The employer countered that the plaintiff's claims fell within the exclusive remedy provisions of the Workers' Compensation Law, §§ 287.120.1 and .2. The court disagreed with KCP&L, and held that under the plain meaning of the statute, the plaintiff's claims were not subject to the exclusivity provisions because they did not arise from an accident as defined in the statute.

Based on this opinion, plaintiffs at bar claimed a "good-faith belief" that Mr. Donner may be able to recover in tort against his employer, Western Forms, and contended that resolution of the question could only be determined once Western Forms was joined as a defendant. Moreover, since the filing of the instant motion, on December 22, 2011, the Missouri Supreme Court denied transfer of the mandate of the Court of Appeals, which therefore, remains persuasive authority. Thus, plaintiffs now state that they no longer seek a stay of this action, but maintain their request for voluntary dismissal. (Reply Brief: pg. 6, n.2).

Defendant opposes voluntary dismissal and argues that significant litigation has taken place since the inception of this action and that in an attempt to avoid dismissal on the merits, plaintiffs seek to dismiss without prejudice in this court so that they can refile in state court and take

---

[1]After removal to this court, defendant filed a motion for judgment on the pleadings (doc. 7). By order dated January 21, 2011, the motion was granted as to the claims for design defect and negligent defect, but was denied on the failure to warn claim (doc. 24).

advantage of "more relaxed expert-evidence standards."[2] Defendant also complains that voluntary dismissal is inappropriate where, as here, plaintiffs failed to present expert medical evidence in a timely fashion. Simultaneous with its opposition, defendant filed a motion for summary judgment.

Defendant's arguments are noted, but are not persuasive.[3] Moreover, and contrary to defendant's contention that this matter is ripe for summary judgment, it is noted that on September 1, 2011 (doc. 34), defendant joined with plaintiffs in filing a motion to extend deadlines in the scheduling order due to a stated need of additional time for discovery "because of the large time period and the complexity of the liability and damages issues involved," as well as a scheduled mediation conference. Consequently, by order dated September 9, 2011, the close of discovery was extended to March 30, 2012, and the filing date for dispositive motions was extended to April 30, 2012. Nevertheless, upon the filing of plaintiffs' voluntary dismissal motion, defendant has now filed a motion for summary judgment over two months before the close of discovery and over three months before the filing of dispositive motions are due. This can be ruled by a Missouri court, and pretrial preparation will doubtless be useful.

Defendant also argues that inasmuch as plaintiffs previously elected to file an administrative claim against Western Forms under Worker's Compensation, they are now precluded from also seeking a civil court remedy. In a recently filed motion for extension of time to respond to the summary judgment motion, plaintiffs now state unequivocally their intention to add Western Forms

---

[2] If this is so, it is one of the defects of diversity jurisdiction, rather than a welcome departure from local law.

[3] In reliance on <u>Idekr v. PPG Industries, Inc.</u>, 2011 WL 144922 (W.D.Mo.), defendant argues that relevant law continues to hold that a plaintiff diagnosed with an occupational disease is limited to remedies under Worker's Compensation. This court is not bound by the recent opinion in <u>Cook</u>, which expressly declined to follow <u>Idekr</u>; however, because the Missouri Supreme Court denied transfer, the holding of the Missouri Court of Appeals in <u>Cook</u> is persuasive authority.

as a named defendant in this matter which will destroy diversity jurisdiction in this court. If the claim fails as a matter of law the parties can return here.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for voluntary dismissal (ECF doc. 40) is GRANTED. It is further

ORDERED that defendant's motion for summary judgment is DENIED without prejudice. It is further

ORDERED that plaintiffs' motion for an extension of time (ECF doc. 47) is DENIED as moot.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January  31 , 2012

Kansas City, Missouri